## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO. JKB-12-0348 |
| JOHN McLAURIN, | * |  |
| Defendant. | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

The Defendant John McLaurin was sentenced to a period of 120 months' imprisonment for Conspiracy to Possess with the Intent to Distribute Cocaine. (ECF No. 137.) McLaurin has served roughly 90% of his sentence and is currently incarcerated at U.S. Penitentiary ("USP") Hazelton in West Virginia. After the onset of the COVID-19 pandemic crisis, McLaurin filed a *pro se* motion for consideration for compassionate release or reduction in sentence (ECF No. 234) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as well as a motion to appoint counsel (ECF No. 233), on October 2, 2020. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). The Court appointed counsel for McLaurin on November 9, 2020 (*see* ECF No. 236), and McLaurin's counsel filed an Emergency Motion for Compassionate Release on January 19, 2021 (ECF No. 243). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, all three motions will be DENIED.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth

in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

McLaurin claims that he has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A) because he filed an administrative request for reduction in sentence with the warden at USP Atlanta Transfer Center, his prior facility, and did not receive a response. (ECF No. 240 at 2.) Subsequently, McLaurin's counsel attested that she filed a request for reduction in sentence with the warden at USP Hazelton on McLaurin's behalf and "the warden's office acknowledged receipt," but did not respond. (*Id.*) The government does not dispute that McLaurin has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). (ECF No. 1796 at 11.) Therefore, the Court must determine: (1) whether McLaurin has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

## I.  *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP")

determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely[] susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (holding that a defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The Court agrees with both McLaurin and the government that McLaurin demonstrates an extraordinary and compelling reason warranting his compassionate release. (*See* ECF Nos. 240 at 2; 246 at 3.) McLaurin's body mass index of 32.0-32.9 (*see* ECF No. 240-3 at 2) indicates that he is obese and increases his "risk of severe illness from COVID-19," according to the Centers for Disease Control and Prevention. *See* Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-at-higher-risk.html (last accessed Mar. 8, 2021). Because obesity increases one's risk of having a serious case of COVID-19 at any age, the Court concludes that McLaurin satisfies the "extraordinary and compelling" reasons requirement.

Further, the Court notes with concern that there are currently three prisoners and twelve staff at USP Hazelton who have tested positive for COVID-19 and not yet recovered. *See* COVID-19 Cases, BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last accessed Mar. 8, 2021). The Court recognizes that COVID-19 has the potential to spread rapidly in prison conditions, and McLaurin's apparent risk of acquiring COVID-19 at USP Hazelton further illustrates that his situation satisfies the "extraordinary and compelling" reasons requirement.

## II.   *Section 3553(a) Factors*

Having determined that McLaurin has presented "extraordinary and compelling reasons" supporting compassionate release, the Court must still consider whether the § 3553(a) factors permit McLaurin's release. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

The Court has reviewed the § 3553(a) factors and finds that those factors do not favor McLaurin's release. In 2012, in the course of a "sting" operation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), McLaurin conspired with three other

4

individuals to plan an armed robbery to steal cocaine from a supposed stash house. (ECF No. 91 at 4.) McLaurin also conspired to possess the stolen cocaine with the intent to distribute it. (*Id.*) At the time of his arrest, McLaurin was carrying a loaded shotgun. (*Id.* at 5.) At McLaurin's sentencing hearing, the Court described his intended crime as "violent and dangerous," and explained that there is a clear need to deter the formation of conspiracies "to go on home invasion operations to rip off other drug dealers." (Sentencing Tr. at 19, ECF No. 213.) The Court has a strong responsibility to protect the public from such conspiracies to commit violent, drug-related crimes.

Prior to the present offense, McLaurin was convicted for second degree assault and possession with the intent to distribute heroin. (ECF No. 246 at 3 (citing ECF No. 144 at 6–7).) McLaurin's conduct in prison further illustrates the potential danger that he poses to the public upon release, as well as an ongoing need for specific deterrence. In 2016, while serving his sentence for the present offense, McLaurin was disciplined for allegedly attempting to assault a staff member, and in 2017, McLaurin admitted to attempting to smuggle drugs into the facility where he was incarcerated. (*See* ECF No. 240-5 at 1.) As a result of the latter incident, McLaurin received a consecutive sentence of six months. (ECF No. 240-1 at 3.) If the Court were to release McLaurin early by reducing his sentence by ten months, this would effectively erase McLaurin's entire six-month consecutive sentence, thereby undercutting its deterrent and protective purposes.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the very real danger posed by the COVID-19 pandemic and the serious concern that McLaurin and his family undoubtedly feel. Were it within the Court's power to reduce that danger while still imposing a fitting sentence on McLaurin, the Court would do so. But having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be

inappropriate and that the existing sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. *See* 18 U.S.C. § 3553(a).

Accordingly, it is hereby ORDERED:

1. McLaurin's Motion to Appoint Counsel (ECF No. 233) is DENIED as moot because the Court did appoint counsel to represent Defendant on November 9, 2020.

2. Defendant's Motion for Compassionate Release (ECF No. 234) is DENIED.

3. Defendant's Emergency Motion for Compassionate Release (ECF No. 243) is DENIED.

DATED this ___9___ day of March, 2021.

BY THE COURT:

James K. Bredar
Chief Judge